Division of Indian Education — Supervision Under the terms and conditions of me current contract between the State Board of Education and me U.S. Bureau of Indian Affairs, me employees of the State Department of Education, Division of Indian Education, engaged in the performance of the contract with the U.S. Bureau of Indian Affairs, must be classified and supervised by me State Personnel Board. The Attorney General has had under consideration your letter dated January 14, 1969, in which you inquire as follows: "Under the terms and conditions of the current contract between the State Board of Education and the Bureau of Indian Affairs, can the Division of Indian Education be classified and supervised by the State Merit Board?" The current contract between the Bureau of Indian Affairs and the State Board of Education is a negotiated fixed price contract in the amount of $580,000.00 for the purpose of providing education for Indian children in Oklahoma. Paragraph four of the contract provided that the contract shall be for the period beginning July 1, 1968, and ending June 30, 1969, subject to termination at any time upon sixty days' written notice given by either party to the other. O.S.L. 1968, ch. 267, Section 803 (74 O.S. 803 [74-803] (1968)), approved April 30, 1968, brought the employees of the State Department of Education within the Merit System and provides in pertinent part as follows: "803(1) . . . That immediately upon the enactment hereof the employees of said Department of Education and said Department State Superintendent of Public Instruction shall become classified employees; . . . . Since this statute was enacted without the benefit of an emergency clause, it did not take effect until ninety days after the adjournment of the legislature. The Thirty-First Oklahoma Legislature, Second Session, adjourned sine die on May 3, 1968, making the effective date for non-emergency acts August 2, 1968. Although the contract in question was consummated before the effective date of the statute bringing State Department of Education employees into the Merit System, such contract is still subject to and governed by the provisions of the State Merit System. The employees hired to carry out the purposes of this contract are employed by the State Department of Education and, as such, are employees of such Department. Therefore, they are covered by the Merit System regardless of the terms and conditions of the contract between the State Department of Education and the U.S. Bureau of Indian Affairs. In Board of County Commissioners v. State Highway Commission, 176 Okl. 207,55 P.2d 106 (1936), the Supreme Court was considering a situation where the Highway Department had contracted with the County Commissioners of Canadian County to the effect that certain highway routes would not be changed in the future. In holding this portion of the contract void as contrary to law and against public policy, the court in the body of its opinion stated: "It is an elementary rule of law that governmental duties or powers cannot be contracted away; hence, the defendants were legally vested with the authority to change the routing of U.S. Highway 66." In the same fashion, the State Department of Education cannot contract away its duties toward the employees of such department when the Merit System statute clearly specifies that employees of the State department of Education will be covered by the Merit System. It is, therefore, the opinion of the Attorney General that under the terms and conditions of the current contract between the State Board of Education and the U.S. Bureau of Indian Affairs, the employees of the State Department of Education, Division of Indian Education, engaged in the performance of the contract with the U.S. Bureau of Indian Affairs, must be classified and supervised by the State Personnel Board. (Gary F. Glasgow)